The MOJONNIER DAWSON COMPANY, a corporation,

v.

U. S. DAIRIES SALES CORPORATION, a corporation, et al.

No. 54 C 277.

United States District Court
N. D. Illinois, E. D.

Nov. 15, 1955.

McCanna & Morsbach, Chicago, Ill., for plaintiff.

Wilkinson, Huxley, Byron & Hume, Defrees, Fiske, O'Brien & Thomson and Louis Bernat, Chicago, Ill., for defendants.

BARNES, Chief Judge.

This is a patent infringement suit, brought by the plaintiff, The Mojonnier Dawson Company, against seven corporate defendants and three individual defendants as follows: U. S. Dairies Sales Corporation, Purity Pack Corporation, Milk Container Equipment Corporation, Maurice J. Brasile and Eugene Blum (known as the Brasile Group), and U . S. Filler Equipment, Inc., U. S. Carton Forming Corporation, Paper Pack Corporation, Pack Equipment Corporation and Albert A. Lewis (known as the Lewis Group). The case went to trial on two counts of a complaint, one alleging infringement of Reissue Patent No. 23,830 to A. B. Mojonnier for a Dispensing Mechanism With Time Controlled Flow, and the other count alleging unfair competition in aggravation of the infringement, and also on a counter-claim by the Brasile Group of defendants charging plaintiff with unfair competition. The court made a finding for the Lewis Group of defendants at the close of the plaintiff's case.

Perhaps it will clear the atmosphere a bit if the court states at once that it does not believe there was any unfair competition on either side. The plaintiff owned a patent which it thought was valid and infringed by the defendants. The defendants thought the patent was invalid and that if it was valid that they did not infringe it. Both sides did what human beings usually do under those circumstances, nothing more. So the case is reduced to the simple patent infringement suit,—all that it ever should have been.

During the course of the court's study of the patent involved in this case, which study began with the trial of the case

commencing on May 17, 1955, and ending on June 10, 1955, and extended through the examination of the briefs of counsel, both before and after the oral argument on September 19, 1955, and down to the time of the filing of this memorandum, the court's tentative views in respect of the validity of the patent have varied. At first, because the various elements of the device of the patent were old even to the writer, who cannot claim to be more than a mere lawyer and who certainly is not the "mechanic skilled in the art" of patent lawyers, whose knowledge would unquestionably be broader and deeper than that of the writer, the court was inclined to the opinion that the patent could not be valid. Later, upon the presentation of evidence which at the time seemed to indicate to the court that the alleged invention of the patent had had great commercial success, the court came to the view that perhaps there was something in the patent that the court had not at first appreciated. Further study has convinced the court that the patent is invalid.

The device of the patent is said to contain eight basic elements:

(1) A fluid container;

(2) means for supplying fluid to said container;

(3) means in said container operable to maintain fluid in the container at a preselected level;

(4) a dispensing valve mounted on the container;

(5) a solenoid for operating said dispensing valve;

(6) a member extending through the container interconnecting the solenoid and the dispensing valve;

(7) an interval timer; and

(8) means to actuate the timer.

Each one of these elements is old, so that patentability, if it exists, must be based on the fact that the device is a new combination of the old elements resulting from the application of something more than mere mechanical skill. "The conjunction or concert of known elements must contribute something; only when the whole in some way exceeds the sum of its parts is the accumulation of old devices patentable." The plaintiff, in an effort to demonstrate that the patent discloses a patentable combination, says: "The Mojonnier invention is a simple, relatively inexpensive, practical, accurate, dependable, sanitary, easily cleaned filling machine operating on the timed orifice flow or time controlled uniform flow principle." All this may be conceded to be true but it does not point out wherein "the whole * * exceeds the sum of its parts."

It is true, of course, as the plaintiff points out, that one cannot show anticipation by separating a "combination into its component elements, and in the light of hindsight * * * expose them piecemeal as already known to the * * art." But this rule does not come into operation until one has determined that he is dealing with a combination rather than an aggregation.

The court has come to the opinion that the patentee aggregated elements old in the art which, in the aggregation, do individually and collectively only what they have always done and no more, and that for this reason the patent is invalid.

Having come to the foregoing conclusion, it seems to be unnecessary to consider the numerous other contentions put forward in the briefs.

Counsel for defendants may prepare and, within a short day, on notice, present drafts of findings of fact, conclusions of law, and a judgment order not inconsistent with the views above expressed.